UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20349-CR-SCOLA

UNITED STATES OF AMERICA

v.

JAMES GONZALO MEDINA,

               Defendant.

_____/

### UNCLASSIFIED ORDER ON THE GOVERNMENT'S CLASSIFIED *IN CAMERA, EX PARTE* MOTION FOR AN ORDER PURSUANT TO SECTION 4 OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND RULE 16(d)(1) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

This matter comes before the Court on the Government's *In Camera, Ex Parte*, Under Seal, Motion and accompanying memorandum of law, for an Order Pursuant to Section 4 of the Classified Information Procedures Act (CIPA), 18 U.S.C. App. 3, and Rule 16(d)(1) of the Federal Rules of Criminal Procedure ("Government's Motion"). By its motion, the government requested that the Court, pursuant to CIPA §4, Fed. R. Crim. P. 16(d)(1), and the applicable case law: (1) conduct an *in camera, ex parte* review of the government's submission; (2) authorize the government to delete specified classified material from discovery, including the CHS's and UCE's true identity; (3) authorize the CHS and UCE to testify under their undercover pseudonyms at trial, without disclosing their true identities, and (4) order that the entire text of the government's motion and all accompanying exhibits shall not be disclosed to the defense and shall be sealed and preserved in the records of the Court to be made available for all future review of these proceedings.

The Court has carefully reviewed the Government's Motion, has considered the Standard Discovery Order, and understands the laws governing discovery, including Federal Rule of Criminal

Procedure 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, as well as the Jencks Act, 18 U.S.C. § 3500. The Court, having carefully considered the law and the government's motion, its memorandum of law in support of the motion, and declaration and exhibits filed therewith, hereby **GRANTS** the Government's Motion in its entirety.

The Court finds that the Government's Motion was properly filed *in camera, ex parte*, for this Court's review, pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1). The Court has conducted an *in camera, ex parte*, review of the Government's Motion, classified declarations of a United States government official, and certain documents attached to the Government's Motion.

On the basis of the Court's independent review of the information and the arguments set forth in the Government's Motion, the Court finds that none of the material referenced in the Government's Motion is discoverable. To this end, the Court finds that none of the material referenced in the Government's Motion is exculpatory, *see Brady v. Maryland*, 373 U.S. 83 (1963), and that the information does not rise to being material to preparing a defense. *See* Fed. R. Crim. P. 16; *Giglio v. United States,* 405 U.S. 150 (1972). The Court also finds that the "relevant and helpful" standard articulated in *United States v. Roviaro*, 353 U.S. 53 (1975), and *United States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989), is the appropriate standard by which to analyze the discoverability of classified material, where, as here, the government has properly invoked the national security and classified information privilege. Under this analysis, the Court finds that none of the material referenced in the Government's Motion is relevant and helpful to the defense. The Court also finds that none of the material referenced in the Government's Motion is subject to production under the Jencks Act, 18 U.S.C. § 3500, as it does not contain statements of prospective government witnesses.

Additionally, the government has properly invoked the national security and classified information privilege. To this end, the Court finds that in applying the *Roviaro/Yunis* standard, the classified material referenced in the Government's Motion implicates the government's national security and classified information privilege because the material is properly classified, extremely sensitive, and its disclosure could cause damage to the national security of the United States, and hence outweighs any defense interest in obtaining or using the material in the government's possession.

Accordingly, **IT IS ORDERED** that the government is authorized to withhold from discovery to the defense the classified material outlined in this Court's classified order on this matter.

**IT IS FURTHER ORDERED** that the CHS and UCE shall testify utilizing their undercover pseudonyms at trial, without disclosing their true identities, and

**IT IS FURTHER ORDERED** that the Government's Motion, memorandum of law, and the accompanying declaration and exhibits shall not be disclosed to the defense, and shall be Sealed and maintained in a facility appropriate for the storage of such classified information by the Court Security Officer as the designee of the Clerk of Court, in accordance with established security procedures, for any future review, until further order of this Court.

**DONE AND ORDERED** at Miami, Florida, on December 12, 2016.

HON. ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE