UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>16-20349-CR-SCOLA(s)</u>

UNITED STATES OF AMERICA

v.

JAMES GONZALO MEDINA,

Defendant.
_____/

## PLEA AGREEMENT

The United States of America and Defendant **JAMES GONZALO MEDINA** (hereinafter "the defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the Superseding Indictment, which charges the defendant in Count 1 with Attempting to Use a Weapon of Mass Destruction, in violation Title 18, United States Code, Section 2332a(a)(2), and in Count 2 with Attempting to Damage Religious Property, in violation of Title 18, United States Code, Sections 247(a)(1) and (d)(1).

2. The parties submit this plea agreement to the court pursuant to Fed. Rule Crim. Pro. 11(c)(1)(C) and accordingly the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence investigation report. If the court rejects the agreement, pursuant to Fed. Rule Crim. Pro. 11(c)(5), the defendant shall be given the opportunity to withdraw his plea if the court finds the terms unacceptable. However, if the plea agreement is accepted, the court shall be shall be bound by the joint recommendations as outlined below.

3. **The United States and the defendant jointly agree that the appropriate disposition of this case is, and agree to recommend jointly, that the**

**court impose a sentence of a term of 25 years imprisonment as to each of Counts 1 and 2, to be served concurrently. Such sentence of incarceration shall be followed by a term of supervised release of between 5 years and life, as determined by the Court, on Count 1, and a term of supervised release of 5 years on Count 2. The court shall also impose a $200 special assessment. No fine shall be imposed.**

4. The defendant understands and acknowledges that the maximum penalties for Count 1 are a term of imprisonment of up to life, followed by a term of supervised release of up to life, and a fine of up to $250,000; and the maximum penalties for Count 2 are a term of imprisonment of up to life, followed by a term of supervised release of up to 5 years, and a fine of up to $250,000.

5. The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and his background.

6. The defendant understands that he is required by this agreement to provide a complete statement to the probation office about his background and offense conduct, and in all other respects to cooperate in the preparation of his Pre-Sentence Investigation Report.

7. The obligations of the United States under this agreement will be voided if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of

release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant further understands and acknowledges that, in addition to any sentence imposed in this case, a special assessment in the amount of two hundred dollars ($200) will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

9. The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the District Court, can predict to a certainty the effect of his conviction on his immigration status. However, the defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his removal from the United States.

10. The defendant is aware that Title 18, United States Code, Section 3742, affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the

3

defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

11.   In addition to this plea agreement, there is a letter dated August 3, 2017 between the United States and the Defendant that outline certain sentencing recommendations and positions.   There are no other agreements, promises, representations, or understandings.

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

Date: 8/16/17         By: _____
                          MARC S. ANTON
                          ASSISTANT UNITED STATES ATTORNEY

Date: 8/16/17         By: _____
                          MICHAEL THAKUR
                          ASSISTANT UNITED STATES ATTORNEY

Date: 8/16/17         _____
                      HECTOR DOPICO, ESQ.
                      ATTORNEY FOR DEFENDANT

Date: 8/16/17         _____
                      ERIC COHEN, ESQ.
                      ATTORNEY FOR DEFENDANT

Date: 8/16/17         _____
                      JAMES GONZALO MEDINA
                      DEFENDANT

4