

U.S. Department of Justice

United States Attorney
Southern District of Florida

*99 N.E. 4 Street*
*Miami, FL 33132*
*(305) 961-9100 - Telephone*
*(305) 530-6444 - Facsimile*

August 3, 2017

Mr. Hector Dopico, Esq.
Chief Assistant Federal Public Defender
150 West Flagler Street, Suite 1700,
Miami, FL  33130

      **Re:  James Medina, Case: 16-CR-20349-RNS**

Dear Mr. Dopico:

In addition to the terms and conditions as outlined in the government's plea agreement, the United States additionally agrees that:

1. Pursuant to Title 18, United States Code, Section 4244(d), the United States would stipulate and agree, if raised by the defendant, that there is sufficient evidence from which the court could find by a preponderance of the evidence that the defendant is suffering from a mental disease or defect and should be committed to the custody of the Attorney General to be hospitalized for care and treatment in a suitable facility, and shall be provisionally sentenced to a term of life imprisonment.

2. Pursuant to Title 18, United States Code, Section 4244(e), if the director of the facility in which the defendant is hospitalized pursuant to subsection (d) determines that the defendant has recovered from his mental disease or defect to such an extent that he is no longer in need of custody for care or treatment in such a facility, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment, and the defendant shall be remanded back to the court so it can proceed finally to sentencing, where it shall impose a 25 year term of imprisonment as to each count, to run concurrently, as outlined in paragraph 3 of the plea agreement.

3. Because the parties recognize that pursuant to Title 18, United States Code, Section 4244(d) the Defendant shall be initially provisionally sentenced to a term of life imprisonment despite the parties agreement that a 25 year sentence is the appropriate final sentence in the instant case, if the defendant has not yet been remanded back to the court for final sentencing pursuant to Title 18, United States Code, Section 4244(e) after having served 25 years, the defendant or his attorney shall immediately file with the Court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility pursuant to Title 18, United States Code, Section 4247(h), and the government specifically agrees that it shall not oppose such a motion, and the defendant shall

       be remanded back to the court to impose the agreed upon 25 year term of imprisonment.

4. The United States further agrees to recommend that the defendant be given credit for all time served while in custody prior to sentencing and while hospitalized in the custody of the Attorney General, all of which shall be credited against and applied to his "final" 25-year sentence.

5. The United States agrees, and the defendant understands, that good conduct credit, if warranted while provisionally sentenced and hospitalized in the custody of the Attorney General, is solely determined by the Bureau of Prisons. However, if the Bureau of Prisons determines that the Defendant is not entitled to receive good conduct credit while provisionally sentenced and hospitalized in the custody of the Attorney General, the defendant specifically agrees not to seek from this court a credit or reduction in sentence at any "final" sentencing for such lost or inapplicable good conduct credit, and as agreed to in paragraph 3 of the plea agreement, shall agree that a 25-year "final" sentence is the appropriate sentence in the instant case, without modification in any way.

6. If the defendant does not decide to pursue sentencing pursuant to Title 18, United States Code, Section 4244 or if after having been provisionally sentenced under this provision to the custody of the Attorney General the defendant is remanded for final sentencing pursuant to § 4244(e), the United States shall have no objection to a defense request for a designation to a Bureau of Prisons CARE3-Medical/CARE3-Mental Health facility so that defendant's medical and mental health condition can be appropriately monitored. However, the defendant specifically understands that this is merely a recommendation, and that the Court is free to disregard the recommendation in its entirety. Moreover, even if both the court and parties recommend a designation, the Bureau of Prisons is similarly free to disregard the recommendation and may designate the defendant to a facility of their choosing, in their sole discretion. Moreover, the Defendant specifically understands that designation is within the sole discretion of the Bureau of Prisons, and is not grounds to withdraw his guilty plea, under any circumstances.

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

BY: _____
MARC S. ANTON
ASSISTANT U.S. ATTORNEY

_____
JAMES MEDINA

_____
HECTOR DOPICO
COUNSEL FOR DEFENDANT